**Dated: January 13, 2022**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

In re: )
 )
Brenda Gail Neundorf ) Case No. 21-11599-JDL
 ) Ch. 7
 )
Debtor. )
 )
 )
Susan Manchester, Trustee )
 )
Plaintiff, )
v. ) Adv. No. 21-1067-JDL
 )
Brenda Gail Neundorf, Eddie Dean )
Neundorf and Douglas N. Gould, )
Bankruptcy Trustee for Eddie Dean )
Neundorf )
 )
Defendants. )

## OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

### I . Introduction

During their marriage, husband and wife held a tract of real property in Joint

Tenancy.  When the husband and wife got divorced, the Divorce Decree did not award

property to either party, merely reciting that "all real and personal property was separated and handled between the parties upon separation in July 2018." The Divorce Decree was never filed in the office of the County Clerk so as to give public notice of any transfer of property. Apparently consistent with the agreement of the parties and the Divorce Decree, the wife subsequently executed a Quit Claim Deed transferring her interest in the tract of real property to her husband. After the husband and wife got divorced both of them filed bankruptcy. Unfortunately for the husband, the Quit Claim Deed conveying the wife's undivided one-half interest in the property to him was not filed of record until after the wife had filed bankruptcy.

The bankruptcy trustee for the ex-wife filed this adversary proceeding seeking the use of her "strong-arm powers" under 11 U.S.C. § 544(a)(3)[1] to avoid the ex-wife's transfer of her undivided one-half interest in the property to the husband and quiet title to the property in the name of the Debtor/ex-wife. In short, the Trustee argues that because the Debtor did not file of record either the Divorce Decree or the subsequent Quit Claim Deed prior to bankruptcy, the Debtor (and hence the Trustee) still owned her one-half interest in the real property at the time that bankruptcy was commenced. In response, the Trustee for the Defendant ex-husband concedes that the Debtor's Trustee is entitled to a judgment determining that the Quit Claim Deed recorded subsequent to the filing of the bankruptcy petition of the Debtor is avoidable; however, the ex-husband's Trustee asserts that while the avoidance of the Quit Claim Deed places legal title back to the Debtor, Eddie Neundorf still retained his 100% equitable title to the property by virtue of the agreement of the

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code. 11 U.S.C. § 101 et seq.

parties and the Divorce Decree.

The ex-wife's Trustee has moved the Court for summary judgment.   Before the

Court for consideration are the following:

1. *Trustee's Motion for Summary Judgment* [Doc. 17];

2. The Trustee for the ex-husband's *Objection to Trustee's Motion for Summary Judgment* [Doc 20];

3. *Debtors Objection to Trustee's Motion for Summary Judgment* [Doc 23];

4. *Trustee's Reply to Defendants Trustee Douglas N. Gould's and Eddie Neundorf's Objections to Trustee's Motion for Summary Judgment* [Doc. 24];

5. *Supplement of Exhibit 1 of Trustee's Reply to Defendants Trustee Douglas N. Gould's and Eddie Neundorf's Objections to Trustee's Motion for Summary Judgment* [Doc. 25]; and

6. *Second Supplement to Include Exhibit 3 of Trustee's Reply to Defendants Trustee Douglas N. Gould's and Eddie Neundorf's Objections to Trustees Motion for Summary Judgment* [Doc. 26].[2]

The following Findings of Fact and Conclusions of Law are made pursuant to Federal Rule

of Bankruptcy Procedure 7052.[3]

---

[2] The Trustee's two *Supplements* [Docs. 25 and 26] contain evidence that the Debtor continued to make payments for taxes and the mortgage for the subject property after there was an apparent agreement between the parties (though not memorialized in either the Divorce Decree or a Quit Claim Deed filed of record prior to both the Debtor's and the Defendant ex-husband's bankruptcies).  Presumably, such evidence is presented for the purpose of establishing that the Debtor treated the property as if she continued to have a one-half interest therein notwithstanding her ex-husband's claim of a 100% equitable interest in the property and/or keeping her undivided one-half interest free from liens and encumbrances in the event that her ex-husband failed to meet his financial obligations.  The Court does not regard such evidence as material to the determination of the legal issue before the Court as to whether the Trustee can successfully exercise her "strong-arm" powers to avoid any legal or equitable transfer.

[3] All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

## II.  Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b), and 157(a) and the Order of Reference of the United States District Court for the Western District of Oklahoma as Local Rule LCvR 81.4(a).  This matter of the trustee seeking the avoidance of the transfer of property so as to include it as property of the estate is a core proceeding under 28 U.S.C. § 157(b)(2)(O) over which this Court has authority to enter a final order.  Furthermore, Plaintiff and Debtor/Defendants have consented to the jurisdiction of this Court and its ability to enter a final order pursuant to Rules 7008 and 7012. [Adv. Doc. 5, ¶ 3; Adv. Doc. 14; Adv. Doc. 24, ¶ 7].  Venue is proper pursuant to 28 U.S.C. § 1409(a).

## III. Findings of Fact

The determination of whether a motion for summary judgment is to be granted is based upon whether there are any material issues of fact which are undisputed and entitles the moving party to judgment as a matter of law.  The Court finds the following material facts to be undisputed:

1. Debtor, Brenda Gail Neundorf ("Debtor"), and Defendant, Eddie Dean Neundorf were husband and wife, having been married on October 17, 2002. [Adv. Doc. 20, Ex. 1, ¶ II].  During the course of their marriage, Debtor and Eddie acquired by Joint Tenancy Warranty Deed the following described real property:

> The South Half (S/2) of the North Half (N/2) of the Northeast Quarter (NE/4) of the Southeast Quarter (SE/4) of the Southeast Quarter (SE/4) of Section Twenty-Two (22), Township Fourteen (14) North, Range Two (2) West of the Indian Meridian, Oklahoma County, Oklahoma.

(hereinafter the "Property") [Adv. Doc. 17, Ex. A. Joint Tenancy Warranty Deed filed with the Oklahoma County Clerk on April 26, 2006, in Book 10089, at Page 520].

2. On December 17, 2019, Debtor filed a Petition for Dissolution of Marriage ("Divorce Petition") against Eddie Neundorf in the District Court of Oklahoma County, Oklahoma. [Adv. Doc. 20, Ex.1].  Paragraph VII of the Divorce Petition stated the following:

> That during the marriage of the parties hereto, they have acquired certain real and personal property and the parties have incurred certain financial debts and obligations, all of which were amicably divided and distributed more than twelve (12) months ago.  Petitioner will remain in the family home located at 605 Fox Hunt Lane, Edmond, OK 73003 Terrace and will be responsible for the debt/mortgage owed on the family home.  Respondent will receive the following real estate: The South Half (S/2) of the North Half (N/2) of the Northeast Quarter (NE/4) of the Southeast Quarter (SE/4) of the Southeast Quarter (SE/4) of Section Twenty-Two (22), Township Fourteen (14) North, Range Two (2) West of the Indian Meridian Oklahoma County, Oklahoma, consisting of approximately Two and One-Half (2.5) acres of land and will be responsible for debt owed on same.  Respondent will also receive any and all farm products, including crops, cattle and farm equipment and will also be solely responsible for any debt associated therewith equipment.

A copy of the Divorce Petition was not filed in the office of the County Clerk of Oklahoma County.

3. On May 20, 2020, a Decree of Dissolution of Marriage ("Divorce Decree") was entered in the divorce case. [Adv. Doc. 20, Ex. 2].  The fourth grammatical paragraph on Page 2 of the Divorce Decree states: "THAT during the marriage of the parties hereto, they acquired both real and personal property.  All real and personal property was separated and handled between the parties upon separation in July 2018."  The Divorce Decree did not identify any real property nor make an award of such property to either party.

5

4.   A copy of the Divorce Decree was not filed in the office of the County Clerk of Oklahoma County.

5.   On June 10, 2021, the Debtor filed her Petition for Relief under Chapter 7.  At the time of filing her bankruptcy, the Debtor included in her Schedule A/B (Real and Personal Property) [BK # 21-11599, Doc.1] that she owned an undivided one-half (½) interest in the Property, consisting of 3 acres.

6.   On July 13, 2020, the Debtor executed a Quit Claim Deed conveying the Property to Eddie Neundorf.  The Quit Claim Deed stated that the consideration for the transfer of the Property was "the sum of Ten and more dollars in hand paid and also pursuant to agreements made within the Oklahoma County District Court Divorce Case Number FD-2019-3757." [Adv. Doc. 17, Ex. B].

7.   The Quit Claim Deed was filed in the office of the County Clerk of Oklahoma County on August 5, 2021, in Book 14847 at page 718. [Adv. Doc. 17, Ex. B].

8.   On August 9, 2021, Eddie Neundorf filed his Petition for Relief under Chapter 7. [BK # 21-12165, Doc. 1].  In his Schedule C, Eddie Neundorf claimed the Property as his exempt homestead. *Id.*

## IV. Summary Judgment Standards

It is appropriate to grant a motion for summary judgment when the pleadings and other materials in the record, together with supporting affidavits, if any, demonstrate that there is no genuine dispute with respect to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed.R.Civ.P. 56(a), made applicable to this adversary proceeding by Rule 7056.  "[A] party seeking summary judgment always bears

the initial responsibility of informing the . . . court of the basis for its motion, and . . . [must]

demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323, 106 S.Ct. 2548 (1986).  Courts must review the evidentiary material

submitted in support of the motion for summary judgment to ensure that the motion is

supported by evidence.  If the evidence submitted in support of the summary judgment

motion does not meet the movant's burden, then summary judgment must be denied.

Hearsay evidence cannot be considered on a motion for summary judgment.  *Wiley v.

United States*, 20 F.3d  222, 226 (6th Cir. 1994).  When considering a motion for summary

judgment, the court views the record in the light most favorable to the party opposing

summary judgment.  See *Deepwater Investments, Ltd. v. Jackson Hole Ski Corp.*, 938 F.2d

1105, 1110 (10th Cir. 1991) (the court "must view the record in a light most favorable to the

parties opposing the motion for summary judgment."); *Harris v. Beneficial Oklahoma, Inc.

(In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

      Denial of summary judgment requires existence of genuine material issues that "can

be resolved only by a finder of fact because they may reasonably be resolved in favor of

either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986).

No genuine issue of fact exists if a rational fact finder, when viewing the record as a whole,

could not find for the party opposing the summary judgment.  See *Matsushita Elec. Indus.

Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986) ("Where the

record taken as a whole could not lead a rational trier of fact to find for the non-moving

party, there is no 'genuine issue for trial.'").  "[T]he nonmoving party may not rest on its

pleadings but must set forth specific facts showing that there is a genuine issue for trial as

to those dispositive matters for which it carries the burden of proof." *Vitkus v. Beatrice Co.*,

11 F.3d 1535, 1539 (10th Cir. 1993).

It is well established that the Trustee has the burden of proof when seeking the

"strong-arm power" of § 544(a)(3) to establish bona fide purchaser status. E.g. *In re Jones*,

308 B.R. 223, 228 (E.D. Pa. 2003); *Fink v. Tower Bank & Trust Co. (In re Fink)*, 2005 WL

2756731 at *5-6 (N.D. Ind. 2005); *In re Munoz,* 2011 WL 710501 at *13 (Bankr. W.D. Tex.

2011). Here the Court must search the record to determine whether there exists any

disputed issue of material fact with regard to the Trustee's claims against Eddie Neundorf

and/or his bankruptcy trustee to avoid summary judgment.

## V. The Interplay Between Bankruptcy Code §§ 541(d) and 544(a)(3)

Section 541 broadly defines property of the estate subject to specific interests that

are excluded from estate property. In the present case, the subsections pertinent for

defining property of the bankruptcy estate are § 541(a)(1) and (3) which state:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1)Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> ***
>
> > (3) Any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553 or 723 of this title.

11 U.S.C. § 541(a)(1) and (3).

While § 541(a)(1) includes all of a debtor's legal or equitable interests as property

of the estate, § 541(d) operates to exclude those equitable interests of which a debtor

holds only bare legal title.  Section 541(d) provides, in pertinent part:

> Property in which the debtor holds, as of the commencement
> of the case, only legal title and not an equitable interest, ...
> becomes property of the estate under subsection (a)(1) or (2)
> of this section only to the extent of the debtor's legal title to
> such property, but not to the extent of any equitable interest in
> such property that the debtor does not hold.

Thus, § 541 determines what property interests constitute estate property.  In order

for the Trustee to accomplish her duties to bring property into the estate, she has been

granted several powers by the Bankruptcy Code, including those found in § 544, also

known as the "strong-arm provision" powers.  "Section 544 gives a bankruptcy trustee, as

of the petition date, the status of a judicial lienholder, a creditor with an unsatisfied

execution, and a bona fide purchaser of real property."  *Vineyard v. McKenzie (In re Quality*

*Holstein Leasing)*, 752 F.2d 1009, 1012 (5th Cir. 1985).  "The purpose of § 544 is to arm

the trustee with sufficient powers to gather in the property of the estate." *Kapila v. Atlantic*

*Mortgage & Investment Corp. (In re Halabi)*, 184 F.3d 1335, 1337 (11th Cir. 1999).  In the

present case, the Trustee's argument for summary judgment rests, in part, on subsection

544(a)(3), which provides, in pertinent part, as follows:

> (a) The trustee shall have, as of the commencement of the
> case, and without regard to any knowledge of the trustee or of
> any creditor, the rights and powers of, or may avoid any
> transfer of property of the debtor or any obligation incurred by
> the debtor that is voidable by-
>
> ****
>
> (3) a bona fide purchaser of real property, other
> than fixtures, from the debtor, against whom
> applicable law permits such transfer to be
> perfected, that obtains the status of a bona fide

9

> purchaser and has perfected such transfer at the
> time of the commencement of the case, whether
> or not such a purchaser exists.

Under this section, as of the filing of the bankruptcy case, the trustee assumes the rights and powers of a hypothetical *bona fide* purchaser of real property from the debtor. *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir. 1991); *Soulé v. Gragg (In re Harrison)*, 503 B.R. 835, 842 (Bankr. N.D. Okla. 2013).  This includes the right to obtain title to property free of certain unrecorded legal or equitable interests. *Id.*; *Morris v. Kasparek (In re Kasparek),* 426 B.R. 332, 343-44 (10th Cir. BAP 2010).  The question in the present case is whether the Trustee is entitled to the status of a "*bona fide* purchaser of real property" entitling her to treat the one-half legal interest of the Debtor in the Property that had been conveyed under the Quit Claim Deed to Eddie Neundorf as property of the estate and under the Divorce Decree, although not clearly designated.

## VI. The Trustee's *Bona Fide* Purchaser Status

The actual rights and powers acquired by the trustee, although vested through federal bankruptcy law, is governed entirely by the substantive law of the state in which the property in question is located, which in this case is Oklahoma law.  *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914 (1979); *Hamilton v. Washington Mutual Bank FA (In re Colon)*, 563 F.3d 1171, 1174 (10th Cir. 2009); *Morris v. Kasparek (In re Kasparek),* 426 B.R. 332 (10th Cir. BAP 2010).  The extent of a trustee's rights as a *bona fide* purchaser, vis-à-vis third parties under § 544(a)(3) does not transform the trustee into a super-priority creditor or grant the trustee powers not available to it as an actual purchaser under state law.

10

Under Oklahoma law, the Trustee's position as a *bona fide* purchaser is subject to the state's constructive notice law. *Goddard v. Heldt (In re Heldt)*, 528 Fed.Appx. 779, 780 (10th Cir. 2013); *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir. 1991) (a bankruptcy trustee is considered a BFP of a debtor's real estate under § 544(a)(3), though interpreting Oklahoma law as applying a constructive notice standard to determine BFP status under that section); *Mashburn v. Arzarte (In re Arzarte),* 618 B.R. 535 (Bankr. W.D. Okla. 2020); *Soulé v. Gragg (In re Harrison)*, 503 B.R. 835, 842 (Bankr. N.D. Okla. 2013); *Big Four Petroleum Co. v. Quirk,* 755 P.2d 632, 634 (Okla. 1988) (to obtain status of a BFP under Oklahoma law, a purchaser must take the property with the "absence of notice, actual or constructive, of outstanding rights of others"). In Oklahoma, "[c]onstructive notice is notice imputed by the law to a person not having actual notice." Title 25 O.S. § 12.

As stated in *Harrison,* 503 B.R. at 843:

> "The rule is well established in [Oklahoma] that in the transfer of real estate in the absence of actual or constructive notice of a previous conveyance or of matters which would put a purchaser on inquiry, a bona fide purchaser for value will take good title to the property. However, '[u]nder Oklahoma law, a purchaser of land takes the property with constructive notice of whatever appears in the conveyances as constituting his chain of title.' Therefore, Oklahoma law charges the trustee with constructive notice of any interests in property that could be gleaned from an inspection of the state's title recording system as of the moment of the filing of the bankruptcy case. (Citations omitted).

In Oklahoma, constructive notice is provided by the proper execution and filing of record with the office of the County Clerk of the county in which the real property is located. Unrecorded deeds are not valid against third-parties, here the Trustee. Title 16 O.S. § 15 provides as follows:

11

> Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage, or contract relating to real estate as between the parties thereto; but no deed, mortgage, contract, bond, lease, or other instrument relating to real estate other than a lease for a period not exceeding one (1) year and accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided. No judgment lien shall be binding against third persons unless the judgment lienholder has filed his judgment in the office of the county clerk as provided by and in accordance with Section 706 of Title 12 [12-706] of the Oklahoma Statutes.

There is no dispute that neither the Quit Claim Deed nor the Divorce Decree were recorded in the County Clerk's office prior to the Debtor's bankruptcy so as to provide Trustee with constructive notice under the filing statute; however, in addition to recording, as a general rule, under Oklahoma law a transferee or purchaser of property is deemed to have constructive notice of the rights of anyone in actual physical possession of the property.[4] There is an exception to that general rule where the person in possession is, as a matter of record, a co-tenant of the property but is claiming to have acquired the title or interest of his co-tenant.

In *Harrison v. Crume*, 236 P. 388 (Okla. 1925) the Oklahoma Supreme Court held as follows:

> A person dealing with one of two tenants in common is not charged with notice of an adverse claim by the other tenant in common who is in possession. The possession of one tenant in common is the possession of all, and a deed from one to the

---

[4] The only document in the divorce proceedings which described the Property was the Divorce Petition. A Petition cannot determine rights or ownership to property. It might be arguable that if the Divorce Petition was filed with the office of the County Clerk it could constitute a notice of *lis pendens* constituting constructive notice of Eddie Neundorf's interest and defeating the Trustee from successfully exercising her strong-arm avoidance powers. However, the Divorce Petition was not filed with the County Clerk.

other, who is in possession of the common property, of the undivided interest, which is not delivered and not recorded, cannot affect the rights of a subsequent purchaser relying on the record title.

Similarly, in *Bader v. Bader,* 1953 OK 8, 252 P.2d 427, the Oklahoma Supreme

Court stated as follows:

The possession of one tenant in common of real estate is the possession of all, and a person dealing with one of two tenants in common is not charged with notice of an adverse claim by the other tenant in common, who is in possession.

****

Herein, under the record of title, the plaintiff and Waldo Bader were tenants in common of the property.  The possession of the plaintiff was the possession of Waldo Bader.  It follows that the possession of the plaintiff was no notice to the defendant bank, a purchaser of the interest of Waldo Bader, of any right, title or interest which the plaintiff claimed in and to the property other than the right, title and interest which his tenancy in common gave him and as accorded with the record title.

*Id*. at 429-30. See also, *Burgess v. Independent School District No. 1*, 336 P.2d 1077,

1081 (Okla. 1959) (holding that 25 O.S. § 13, related to constructive notice, imposed a

duty on a purchaser to inquire as to the rights of anyone other than the record owner in

possession of real property); *Schlegel v. Kinzie,* 12 P.2d 223, 225 (Okla. 1932) ("[I]f there

is a deed upon record running to the person in possession, and apparently sufficient to

explain the fact of possession, then the possession may be referred to such deed, and a

subsequent purchaser is not affected with notice of any other undisclosed title or interest

which the occupant may have.").

After analyzing the above Oklahoma decisions, this Court concluded in *Arzate,* 618

B.R. at 547 (quoting *Harrison*, 503 B.R. at 843-844, but including omitted citations):

13

> The trustee is also charged with a duty to inquire of any party in possession of the property at the time of the bankruptcy filing, if that person is anyone except the debtor. *Bell v. Protheroe,* 188 P.2d 868 (Okla. 1948). The trustee is held to have constructive notice of any facts he or she would have gleaned had such inquiry been made regarding the rights of any party in possession. *Wade v. Burkhart,* 167 P.2d 357, 358 (Okla. 1946) ("A purchaser of realty is charged with notice of whatever rights persons in actual possession may possess."). Such an inquiry will reveal if the party in possession has a claim to the property that is adverse or inconsistent with record title. *Where such a claim is adverse or inconsistent with record title,* a bona fide purchaser is charged with constructive notice of this fact, triggering a duty to make additional inquires regarding title to the property. *Kasparek,* 426 B.R. at 347-48.

(Emphasis added).

In the present case, as of the time of the Debtor's filing of bankruptcy there was nothing in the public record, i.e., the office of the County Clerk of Oklahoma County, neither the Divorce Decree nor the Quit Claim Deed, that would put the Trustee on constructive notice of any defect in the Debtor's undivided one-half interest in the Property. Furthermore, Eddie Neundorf's possession at the time of the Debtor's bankruptcy was not inconsistent with the record title which showed the Property in the names of both Debtor and Eddie Neundorf jointly, and thus there was no duty on the part of the Debtor's Trustee to make inquiry concerning Eddie Neundorf's claim of a 100% equitable interest in the property. Therefore, the Trustee did not have constructive notice, either by the record of title or by Eddie Neundorf's possession of the property, so as to defeat *bona fide* purchaser status.

Eddie Neundorf's Trustee "concede[s] that Trustee is entitled to a judgment determining that the quit claim deed recorded subsequent to the filing date of the

14

bankruptcy petition of Brenda Neundorf is avoidable ....[h]owever, Gould asserts that the avoidance of the deed places legal title back to the Debtor and Eddie Neundorf but does not transfer equitable title to the property to Brenda Neundorf." [Doc. 20, page 3]. Eddie Neundorf's Trustee cites no authority in support of such a proposition. Such an argument ignores the well-established law cited above that a *bona fide* purchaser, here the Trustee, takes free of *any unrecorded interest, legal or equitable,* of which he does not have either actual or constructive notice.

Consistent with this Court's decision, other bankruptcy courts faced with the issue as to a bankruptcy trustee's avoidance powers as a *bona fide* purchaser for value verses the rights of an ex-husband claiming equitable interests created by a divorce decree or quit claim deed not filed of record have found in favor of the trustee. See e.g. *In re Claussen*, 387 B.R. 249 (Bankr. D. S.D. 2007) (holding that the ex-husband and debtor's redistribution of equity in the marital home under an unrecorded, pre-petition divorce agreement and divorce decree is subordinate to a trustee's hypothetical lien powers under § 544(a)(1)); *In re Kelley,* 304 B.R. 331 (Bankr. E.D. Tenn. 2003) (holding the trustee's strong-arm rights in debtor's former property, in which debtor still had record one-half interest at the time of her bankruptcy petition was filed, despite existence of unrecorded divorce decree awarding home to debtor's former spouse and directing debtor to execute a quitclaim deed in ex-spouse's favor, was superior to ex-spouse's interest pursuant to the unrecorded divorce decree, such that debtor's interest was included in "property of the estate"); *In re Brannon*, 584 B.R. 417 (Bankr. N.D. Ga. 2018) (interest of debtor's former husband in property awarded to him by divorce court was avoidable by Chapter 7 trustee

15

in exercise of strong-arm powers of hypothetical *bona fide* purchaser, where no *lis pendens* was filed and divorce decree was not recorded in real property records).

## VII. Conclusion

The Trustee has the burden of proof when seeking the "strong-arm power" of § 544(a)(3) to establish *bona fide* purchaser status.  E.g. *In re Jones*, 308 B.R. 223, 228 (E.D. Pa. 2003).  Under the undisputed facts presented to the Court, the Trustee has met that burden and qualifies as a *bona fide* purchaser under Oklahoma's constructive notice law.  Therefore on the date of the Debtor's filing of bankruptcy the Debtor's Bankruptcy Trustee on behalf of her Bankruptcy Estate took the Debtor's recorded undivided one-half interest in the Property under § 544(a)(3) free of any equitable interest asserted by her ex-husband.  The Court recognizes that this is a harsh result; however, clearly established Oklahoma and bankruptcy law mandates the outcome.  Accordingly, *Trustee's Motion for Summary Judgment* [Doc. 17] is hereby **Granted.**

Pursuant to Fed.R.Bankr.P. 7058, a separate judgment consistent with this *Opinion and Order* is entered concurrently herewith.

# # #

16